IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **03-cv-501-JLK**

**PARADOX PARTNERS, L.L.C., a Texas limited liability company; BDS INTERNATIONAL, a Nevada limited liability company,**

    Plaintiffs,

v.

**UNITED STATES FOREST SERVICE; SUSAN SPEARS, in her capacity as employee of the U.S. Forest Service; LIANE MATTSON, in her individual capacity; NANCY SCHWIEGER, in her individual capacity,**

    Defendants.

## ORDER ON PENDING MOTIONS

Kane, J.

This long delayed matter is before me on the following motions: Defendants United States Forest Service and Susan Spears' Motion to Dismiss (Doc. 7), filed June 23, 2003; Defendants Liane Mattson and Nancy Schwieger's Motion to Dismiss (Doc. 18), filed September 5, 2003; and Plaintiffs' Motion to Collect Costs (Doc.21), filed September 15, 2003.  Having carefully considered the motions, related briefing and all applicable legal authorities, and being fully advised in the premises, I GRANT the Motions in part and DENY them in part.

I.

This case arises from Defendant United States Forest Service's disclosure of allegedly confidential trade secret information concerning Plaintiffs' natural gas operations following a Freedom of Information Act ("FOIA") request received from a third party – in this case, Gunnison County. Plaintiffs contend Defendants were required under applicable regulations to provide them with notice that a third party was attempting to view information they had submitted to the agency and an opportunity to object, but failed to do so. According to Plaintiffs, the disclosure of their confidential proprietary information has harmed them or is likely to harm them by compromising the substantial investment they made in developing it.

Individual Defendants Shears, Mattson and Schwieger are all Forest Service employees whom Plaintiffs allege were responsible for disclosing the information without first notifying Plaintiffs in accordance with applicable regulations. Defendant Shears is sued in her official capacity, while Defendants Mattson and Schwieger are named in their individual capacities. The allegedly confidential information at issue is comprised of photographs taken by Forest Service employees during routine inspections of one of Plaintiffs' well sites on Forest Service lands. Plaintiffs contend they requested that the Forest Service treat these photographs as confidential but that the Defendants allowed

Gunnison County to review and photocopy files containing the photographs without notice to Plaintiffs and without giving Plaintiffs an opportunity to object.

Plaintiffs seek compensatory and punitive damages for the alleged release of the photographs based on claims for misappropriation of trade secrets. In addition, Plaintiffs seek judicial review of the agency's action and injunctive relief under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706. Plaintiffs voluntarily dismissed a third claim, for violation of their Fifth Amendment rights pursuant to 42 U.S.C. § 1983, in response to the Forest Service's motion to dismiss.

## IIA.

Defendants United States Forest Service and Spears move to dismiss Plaintiffs' claim against them for misappropriation of trade secrets for lack of subject matter jurisdiction. They argue that the sole jurisdictional basis for this claim is the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, because it is the exclusive waiver of sovereign immunity for claims of injury or loss of property resulting from wrongful conduct of the federal government, its agencies or employees acting with the scope of their employment. *Id.* § 2679(b)(1). The FTCA, in turn, only authorizes suit against the United

States, not its agencies or employees. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). In the alternative, Defendants contend any FTCA-based misappropriation claim must be dismissed for failure to exhaust administrative remedies.

Plaintiffs do not dispute the exhaustion issue but contend it is premature to limit their misappropriation claim to a single FTCA claim against the government when it is not yet known which Forest Service employees disclosed the information at issue and whether they were acting within or outside the scope of their employment at the time they acted. According to Plaintiffs, individual Defendants Mattson and Schwieger may be subject to personal liability for misappropriation of trade secrets if they flouted regulations and acted outside the scope of their authority in disclosing the photographs and other information at issue. I agree with Defendants that this argument is irrelevant to the claim against the Forest Service and Spears. With respect to Plaintiffs' misappropriation claim against the agency and Defendant Spears, there is no jurisdictional basis for the claim and the Motion to Dismiss must be granted. Substitution of the United States as Defendant on the FTCA claim would be futile, moreover, based on Plaintiffs failure to plead or demonstrate exhaustion of administrative remedies.

B.

To counter Plaintiffs' assertion that misappropriation claims may sound against defendants Mattson and Schwieger individually under state law, Defendants submitted a "Notice of Substitution" purporting to certify that Mattson and Schwieger were acting within the scope of their authority when they disclosed the allegedly proprietary information. This triggers the automatic substitution of the United States for those Defendants under the FTCA, 28 U.S.C. § 2679(d)(1), and subjects Plaintiffs' claim to dismissal under the same failure to exhaust administrative remedies basis discussed above.

Plaintiffs challenge the certification, maintaining it is too early at this stage of the proceedings to accept the government's certification as fact. A Department of Justice scope of employment certification is subject to *de novo* review. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995). It is, however, *prima facie* evidence that the particular conduct was within the employee's scope of employment, and plaintiff bears the burden of rebutting the certification with specific facts. *Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995).

For purposes of § 2679(d)(1), the question of whether a federal employee was acting within the scope of her employment is governed by the respondeat superior law of the state in which the incident occurred. *Richman* at 1145. Under

Colorado law, an employee is acting within the scope of his employment "if [s]he is engaged in the work which has been assigned to [her] by [her] employer or [s]he is doing what is necessarily incidental to the work which has been assigned." *Destefano v. Grabrian*, 763 P.2d 275, 287 (Colo. 1988). Allegations that Mattson and Schwieger failed to comply with applicable regulations in the course of performing duties that had been assigned to them do not, by themselves, negate the assertion that they were acting in the scope of their employment when doing so. *See, e.g.*, *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 756 (1998) (general rule is act of employee is within the scope of employment "when 'actuated, at least in part, by a purpose to serve the [employer],' even if it is forbidden by the employer." (quoting Restatement of Agency (Second) § 228(1)(c)); *Richman*, 48 F.3d at 1139 (same under Utah law). Absent allegations that Mattson and Schwieger were acting for their own unlawful purposes and not within their actual or discretionary functions as Forest Service employees when they disclosed the contents of Plaintiffs' files, Plaintiff have cannot rebut the presumption that Defendants' conduct was within the scope of their employment. Plaintiffs' misappropriation claims against Mattson and Schwieger individually must therefore also be dismissed.

IIIA.

All Defendants have also moved to dismiss Plaintiffs' second claim, in which they seek injunctive relief based on the APA.  Mattson and Schwieger move to dismiss this claim as asserted against them on the ground that the APA does not authorize suits against federal employees in their individual capacities, a point Plaintiffs' concede.  *See City & County of San Francisco v. United States*, 443 F. Supp. 1116, 1130 (N.D. Cal. 1977).   The Forest Service and Defendant Spears assert Plaintiffs' APA claim against them must be dismissed because it is moot and because Plaintiffs lack standing because the agency action was not final agency action for purposes of judicial review under the APA.  I disagree.

The APA provides for judicial review of final agency action only.  *See* 5 U.S.C. § 702.  The agency action challenged here is the Forest Service's release of allegedly confidential information for which there are no appeal or other rights under applicable regulations.  For purposes of the instant Motions, I presume the release of this information constitutes final agency action.

In support of its argument regarding mootness, the Forest Service posits generally that, upon a finding that final agency action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," the remedy

available under the APA would be to set aside that agency action. The Forest Service asserts that this is not possible in this case, because the confidential information at issue has already been released and cannot be undone. Because a favorable decision would not redress Plaintiffs' injury, the Service argues Plaintiffs' claim is moot and therefore not justiciable. I find this argument facile and reject it.

The APA provides that any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702 (1994). This provision applies so long as the action is a "final agency action for which there is no other adequate remedy in a court." *Id.* at § 704. The Supreme Court has recognized that the APA establishes a "strong presumption" in favor of reviewability of agency action. *McAlpine v. U.S.*, 112 F.3d 1429, 1432 (10th Cir.), *cert. denied* 522 U.S. 984(1997)(citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 140 (1967)). *See generally* 14A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 3d*, § 3569 (West 1998)(providing succinct analysis of APA § 702 and standards for judicial review thereunder).

APA § 706(2)(A) directs courts to overturn agency action only when the record shows that action to have been "arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with the law." The standard is deferential, but it is by no means a "rubber stamp." Wright & Miller, *supra*, n. 15, *see also Olenhouse*, 42 F.2d 1560, 1576 (10th Cir. 1994)(standard requires plenary review by district court, which must itself examine the administrative record and itself find and identify facts supporting the agency decision rather than rely on agency's representation of what occurred.)  To the extent disclosing the contents of Plaintiffs' files constituted final agency action, Forest Service employees' disregard of agency rules and regulations in doing so is clearly subject to judicial review under this standard.

The crux of Defendants' justiciability argument is that because the information has been disclosed to Gunnison County, and Gunnison County is not a party to the case, even a finding that the Forest Service's actions were erroneous under the applicable standards is without any meaningful remedy under the APA.  Plaintiffs contend the relief they seek is the prevention of future abuses by the Forest Service through entry of a permanent injunction requiring the Service to return all confidential information in its possession to Plaintiffs and barring the agency from future wrongful disclosure of it.  With respect to the latter request, an order of a federal court declaring the agency's actions to have been unlawful should suffice to control future instances of the same

wrongdoing. In any event, an advisory opinion barring unaccrued, unnamed future wrongdoing is of no legal consequence and would not be ordered. On allegations that the Forest Service still has within its custody or control certain confidential information of Plaintiffs, an order directing Defendants to return it or prohibiting Defendants from disclosing it further to third parties without Plaintiffs' knowledge or consent is meaningful and gives rise to a justiciable request for relief. Accordingly, Defendants Motion to Dismiss Plaintiffs' request for judicial review and relief under the APA is DENIED.

IV.

Finally, Plaintiffs' request for costs, including attorney fees, from Mattson and Schwieger related to service of process is DENIED. Mattson and Schwieger had cause to refuse to waive service because, as employees of the United States, they arguably were subject to service under Rule 4(i)(2)(A).

Based on the foregoing, Defendants' Motions to Dismiss are GRANTED as to Plaintiffs' misappropriation claims against all Defendants, including substituted party the United States. They are DENIED as to Plaintiffs' claim for review and injunctive relief under the APA. Plaintiffs' Motion for Costs is DENIED. In light of these rulings and mindful of the time elapsed since this case

was at issue, the parties shall file a Joint Status Report on or before October 14, 2005, setting forth their respective positions regarding further proceedings and briefing on the APA issues remaining in this case.

                                    BY THE COURT:

Dated September 29, 2005           **s/John L. Kane**
                                            SENIOR U.S. DISTRICT JUDGE